## NELSON *a*. NIXON.

*New York Common Pleas; General Term, July,* 1861.

### ACTIONS BY AGENTS.

An agent may sue upon a contract made with him as such, and for the fulfilment of which he is personally bound, without any assignment from his principals. *So held*, where the principals were minors.

Appeal from a judgment of the First District Court.

The plaintiff had entered into a contract under seal with the defendant, in which the plaintiff described himself as agent for his sisters, and covenanted that his sisters should perform at the defendant's theatre; for which services the defendant agreed to pay them $100 per week. The complaint set forth this covenant (which it stated to be made with the sisters), a breach, and an assignment, by the sisters, of their cause of action to the plaintiff. The sisters were minors. On the trial, the defendant moved to dismiss the complaint, on the ground that the contract proved was with the plaintiff, and not with the sisters, as alleged; and further, that the sisters, being minors, could not assign their claim. The motion was denied, and judgment being rendered for the plaintiff, the defendant appealed. Some objections were raised on appeal that had no foundation in fact, according to the return of the justice.

*A. A. Phillips*, for the appellant.—I. The sisters Nelson were infants, and could not assign their claim.

II. The contract was not made with them, and therefore the complaint should have been dismissed.

*H. H. Morange*, for the respondent.

BY THE COURT.*—DALY, F. J.—No assignment was necessary to enable the plaintiff to maintain this action. He had the right to sue upon the contract in his own name. Though he describes himself in the contract as the agent of his sisters, he bound himself personally for the performance of it. He signed the contract, and covenanted that his sisters, and he, as their director, would faithfully, diligently, and to the best of their skill and ability, his sisters by acting, and he by directing their acting, do and perform their part in the contract. His sisters being minors, could not enter into any obligation that would be binding upon them; and there was therefore a good reason why the plaintiff should become personally bound, as well for the fulfilment on his part as upon theirs of what was agreed upon. When a party, though acting as the agent of another, binds himself personally for the fulfilment of a contract, he may sue or be sued upon it. It is one of the cases in which an agent

---

* Present, DALY, F. J., BRADY and HILTON, JJ.

may enforce the contract by a suit in his own name (*Story on Agency*); and it is also a rule that persons, though contracting as agents, are liable where there is no responsible principal to resort to (*Paley on Agency*, 374), which was the case here. The contract was not signed by the plaintiff's sisters, and if it had been, and they had become formally parties to it, it could not have been enforced against them. It was signed by the plaintiff alone, and was an undertaking, on his part, both for him and them. The defendant's remedy for the non-fulfilment of it would have been against the plaintiff. He could have maintained no action against the sisters; and such being the fact, it can be treated only as a contract between the plaintiff and the defendant, which the plaintiff had a right to enforce by an action in his own name.

The return of the justice shows that the question put as to the age of one of the sisters was not excluded; it was put and answered. Nor does it appear by the return that the justice allowed testimony to be given by the plaintiff after both parties had rested; and if he had, it was a matter entirely in his discretion, which could not be reviewed upon appeal.

The judgment should be affirmed.